Henderson, Judge.
 

 When an act of the Legislature prescribes the substance of a bond, that bond so drawn as to include every obligation imposed by the Legislature, and to afford every defence given by the law, will be valid notwithstanding it may be slightly variant from the literal form prescribed. This bond is alleged to be void under
 
 the, 8th section
 
 of the act of 1777,’ ch. 8th, because it is taken by the Sheriff, from a person held in arrest, contrary to the provisions of that act: and the particular defect insisted on is, that every alternative of discharge contained in the said section is not given to the Defendant by the terms of the condition $
 
 to
 
 wit, that the bail should discharge themselves from the penalty by
 
 surrendering the, principal
 
 as his special bail. And if this were true, the objection must certainly prevail — but I think it is not. This obligation upon its face purports to be taken by a Sheriff', in bis name of office, from one whom he had arrested at the instance of the Plaintiff,
 
 conditioned to be void
 
 upon the appearance of the Defendant according to the command of the writ, and that he should not depart the Court without leave. The obligations
 
 here
 
 imposed by law are those of hail to the writ, and bail to the action ; for our Legislature have thrown on those who become bail to the writ, the liabilities also of bail to the action, with a slight alteration, extending the time of surrender to the judgment on a
 
 set. fa.
 
 instead „of the return of the
 
 ca. sa.
 
 as it was at the Common Law. By the exposure of the nature of the obligation, the liabilities created by law' arising therefrom attach on the Defendants, and the defences incident to their situation are. also accorded to them, notwithstanding an omission
 
 *171
 
 •■specially to insert the»}, for if (bey appear upon an inspection of the obligation they are ¡if) valid oa the one side and Iho other as if specially made. The bail’s right to surrender their principal, (and by this bond they appear iu the relation and capacity of bail,) i» a right given them not barely by the words of the obligation, but a right given them by law, and that a puhlick one which all Courts are bound to take notice of. Ami the fact of discharge appearing to the Court by
 
 plea or otherwise)
 
 the law arising- upon that fact must be pronounced by the Court. If we test the validity of this bond by the declared motive of the
 
 Parliament of lien.
 
 <5, (who passed the statute in relation to Sheriff's bonds,) or our own act of 1777 on the same subject, it will be found to be valid, as suppressing the. mischief winch was intended to be remedied. — the taking of bonds by Sheriff} of those held in arrest by them for other purposes than the object of arrest, and affording to the obligors every exoneration from the penalty of the bond which their situation entitled them to. And could 1 perceive that either of those objects could be frustrated by the obligation now under consideration, 1 would declare the bond to be void. A;; I cannot, I think the judgment' of the Superior Court should be reversed, and judgment rendered for the Plaintiff.
 

 Taylor, Chief-Justice, concurred with IIemjj'e'usol.
 

 Hall, Judge,
 

 contra.
 
 — According to the English practice,
 
 special bail
 
 is understood to be that bail, which a Defendant, when arrested, gives to the sheriff for Isis appearance at a certain time and
 
 place;
 
 and bail
 
 to ike
 
 action, is that bail, which the Defendant at that time and place, gives in a penalty conditioned to be void, provided he shall pay the condemnation of the Court, or surrender himself to prison, or provided the bail shall do it for him — (3
 
 Black.
 
 290, 291.)
 

 
 *172
 
 Although our
 
 act of 1777, ch.
 
 115,
 
 sec.
 
 19, declares, that all bail sh. be
 
 special
 
 bailit further declares, that such bail shall be liable to the recovery of the Plaintiff. x*y this latter clause, the bail may be considered, what in England would be called bail
 
 to the action.
 
 Then it may be said, that the liability of the bail spoken of in this act, is as broad as the liability both of
 
 special
 
 bail, and bail
 
 to the
 
 action, in England.
 

 It is in the character of bail to the
 
 action,
 
 however, that the Defendants are now called in question. By another act passed in the same session of
 
 1777, ch.
 
 118,
 
 sec..
 
 8, it is'declared, that it shall not be lawful for any sheriff to take any bond, otherwise than payable to Mms'df, as sheriff, and dischargeable upon the prisoners appearance, &c. and rendering himself at the day and place required in the writ, &,c.
 
 and his securities discharging themselves therefrom, as special bail of such prisoner.
 
 What then, under this act, are the bail liable for ? They are liable for the Defendant’s appearance — and are liable in the words of the act
 
 to the recovery of the Plaintiff,
 
 unless the Defendant shall discharge it, or surrender himself to prison. But the former act (sec. 20) puts it in the power of the bail to discharge themselves from their liability, by surrendering their principal,
 
 See.
 
 This then is another condition, on a compliance with which the bond becomes void, and it would seem that that condition should be inserted in the
 
 bond;
 
 because the act says, that the bond taken shall be dischargeable upon the prisoner’s appearance, &c.
 
 and his securities discharging themselves therefrom as special bail of such prisoner.
 
 Now, one mode of discharging themselves, is, paying the recovery of the Plaintiff, in case of failure by Defendant. Another is, surrendering the Defendant to
 
 prison;
 
 and as the bond is to be void upon condition of doing the one or the other, it appears to me that each alternative should be inserted in it.
 

 It is trüe the act prescribes no form of a sheriffs’ bond, but it should be taken substantially as the law directs.
 
 *173
 
 it therefore appears to me, that when bail are liable as ■■•ni
 
 l,
 
 to the recovery of tíre Plaintiff, ami liable to be pro-reeded against, in default of their principal’s not either paying the debt or surrendering himself to prison, that there is but one plea allowed then!, and that is a gtiwui-
 
 •Icr
 
 of their principal, or death of the pri ¡cipa? (which is the seme thing iu effect) and as they can save Ubeuwh'es
 
 \v
 
 that plea, that it should be inserted in the bond as one of its conditions iu their* favour
 
 $
 
 otherwise ! inclino to think the bond is not taken conformably to the act j tbs* strictly speaking, the bond is forfeited, unless bv or Muder the. condition something may be pleaded to prevent it.
 

 If I have given to the act a wrong construction, I am glad, when 1 reflect,that no bad consequences will flow from it, as a majority of the Court think differently from me. But judging for myself, I am buutid to say that judgment should be entered for the ^Defendant,